UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFRED LAFORD,

                                        Petitioner,

                    -v-

UNITED STATES OF AMERICA,

                                        Respondent.

16 Civ. 4686 (PAE)

11 Cr. 1032-7 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the *pro se* petition of Alfred Laford to vacate one count of which he was convicted pursuant to 28 U.S.C. § 2255. Dkt. 2446.[1] The Court has also reviewed the parties' ensuing filings. These include, most recently, the Government's opposition to Laford's petition, Dkt. 2463; a January 2, 2020 letter from Laford in further support of his petition, Dkt. 2470; and a January 10, 2020 letter from Laford also in support of his petition.

The Court denies Laford's petition as meritless.

Laford was among 76 defendants charged with racketeering and/or related offenses in connection with their participation in the violent Bronx Trinitarios Gang. On April 25, 2013, Laford, pursuant to a plea agreement, pled guilty to two offenses charged in superseding indictment S5 11 Cr. 1032 (PAE). *See* Dkt. 746 ("Plea Tr."). Count Two charged him with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). *See* Dkt. 539 ("S5 Indictment") ¶¶ 72–74; Plea Tr. at 11. Count Fifty charged him with a violation of 18 U.S.C. § 924(c) predicated on two predicate crimes—assault with a dangerous weapon in aid

---

[1] Unless otherwise indicated, docket references are to the docket of Laford's criminal case, 11 Cr. 1032-7.

of racketeering, in violation of 18 U.S.C. § 1959(a)(5) and 2, and attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3).  S5 Indictment ¶ 171; Plea Tr. at 13.

Laford argues that his § 924(c) conviction (Count Fifty) is invalid in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held § 924(c)(3)(B) unconstitutionally vague, making an offense a "crime of violence" only where the crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  Laford contends that, under *Davis*, a conspiracy offense categorically fails to qualify as a "crime of violence" under § 924(c)(3)(A).

Laford is not entitled to relief under *Davis*.  Neither predicate offense for Laford's § 924(c) conviction was a conspiracy offense.  And, as the authorities the Government marshals its brief reflect, each of these offenses—assault with a dangerous weapon in aid of racketeering, and attempted murder in aid of racketeering—had as a necessary element the use or attempted use of physical force.  The Second Circuit, in fact, has squarely so held with respect to attempted murder, in connection with the post-*Davis* appeal of a co-defendant of Laford's *in this very case*. *See United States v. Sierra*, 782 F. App'x 16, 20 (2d Cir. 2019) ("We have repeatedly treated it as self-evident that under New York law attempted murder is a crime unmistakably involving an attempted use of physical force" (internal quotation marks and citations omitted)).

The Court therefore denies Laford's petition for relief.  The Clerk of Court is respectfully directed to terminate the motion pending at docket 2446 in 11 Cr. 1032-7 and docket 11 in 16 Civ. 4686 and to close this case.[2]

---

[2] Because Laford's argument that *Davis* voids his conviction is substantively mistaken, the Court does not have occasion to consider the Government's alternative argument for denial of his petition—that Laford is procedurally defaulted from bringing this petition.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 30, 2020
      New York, New York