UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ALFRED LAFORD,

Defendant.

11-CR-1032-07 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a request from defendant Alfred LaFord seeking his release from the Marquette Branch Prison pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates. *See* Dkt. 2502 ("Def. Mem."). The Government opposes this request. *See* Dkt. 2504 ("Gov't Mem."). For the reasons that follow, the Court denies this application.

LaFord was a central member of the Bronx Trinitarios Gang (the "Trinitarios"). Gov't Mem. at 1. As a member of the Trinitarios, LaFord participated in a litany of violent acts. These included the stabbing of a rival gang member; a car-to-car shooting on the Major Deegan Expressway in the Bronx; and the possession of a firearm during the attempted murder, and serious wounding, of another rival gang member. Gov't Mem. at 1–2; *see also* Dkt. 981 ("Sent. Tr.") at 31–34.

On April 25, 2013, LaFord pled guilty to two counts: (1) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); and (2) possession of a firearm that was discharged during and in relation to violent crimes in aid of racketeering, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(C)(i) and (2). *See* Dkt. 948. LaFord's conviction on the firearm count carried a

mandatory minimum term of 120 months' imprisonment.  Sent. Tr. at 10, 28.  On January 9, 2014, the Court sentenced LaFord to a term of 207 months, to be followed by three years' supervised release.  *See* Sent. Tr. at 45.  To date, LaFord has served approximately 104 months of his sentence, or just over half of the total.  *See* Gov't Mem. at 2.

On July 24, 2020, the Court received a *pro se* letter from LaFord seeking his early release in light of the COVID-19 pandemic.  *See* Dkt. 2496.  The Court directed LaFord's trial counsel to file a supplemental memorandum of law, and the Government to respond.  *Id.*  On July 29, 2020, defense counsel filed such a letter.  Def. Mem.  Counsel asks the Court to reconsider LaFord's sentence based on the dangers posed by COVID-19 to prison inmates.  *See* Def. Mem. at 4–7.  On July 31, 2020, the Government filed its opposition.  *See* Gov't Mem.  It argues that LaFord's motion should be denied because his medical conditions do not put him at heightened risk of severe COVID-19, and because a reduction in his sentence is not supported by the factors set out in 18 U.S.C. § 3582(c)(1)(A) or 18 U.S.C. § 3553(a).  *See* Gov't Mem. at 5–7.

Under § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence.  *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (citing 28 U.S.C. § 994(t)).  Relevant here,

the Commission's policy statement and its corresponding commentary on § 3582(c)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not be a danger to the community and the reduction must be consistent with the Commission's policy statement.  *Id.* § 1B1.13(2)–(3).

The first of these factors favors the early release of inmates whose medical conditions make them particularly susceptible to the COVID-19 pandemic.  The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation.  It presents a clear and present danger to free society for reasons that need no elaboration.  The crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread.[2]  And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself.  For these reasons, in the past months various courts, including

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *See Ebbers*, 432 F. Supp. 3d at 422–23, 427.

[2] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020, updated May 20, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, --- F. Supp. 3d ---, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control & Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

this one, have ordered the temporary release of inmates held in pretrial or presentencing custody[3] and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences.[4]

LaFord alleges that he suffers from severe asthma, *see* Def. Mem. at 2, which the CDC lists as a condition that may increase one's risk for a severe COVID-19 infection.[5] On the other hand, LaFord, at age 30, is young—he is far from an age at which COVID-19 risks tend to increase. Even accepting that LaFord's asthma condition puts him at high risk status, however, a

---

[3] *See, e.g.*, *United States v. Chandler*, --- F. Supp. 3d ---, No. 19 Cr. 867 (PAC), 2020 WL 1528120, at *1–3 (S.D.N.Y. Mar. 31, 2020) (granting bail application, pursuant to 18 U.S.C. § 3142(i), of defendant charged with being a felon in possession of a firearm); *United States v. McKenzie*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded guilty to a narcotics offense); *cf. United States v. Stephens*, --- F. Supp. 3d ---, No. 15 Cr. 95, 2020 WL 1295155 (AJN), at *3 (S.D.N.Y. Mar. 19, 2020) (granting defendant's request for reconsideration of bail conditions and releasing him to home confinement, while noting that, in the alternative, § 3142(i) would necessitate his temporary release).

[4] *See, e.g.*, *United States v. Davies*, No. 18 Cr. 390 (PAE), Dkt. 479 at 4–7 (S.D.N.Y. June 26, 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played low-level role in drug trafficking conspiracy); *United States v. Brown*, No. 18 Cr. 390 (PAE), Dkt. 472 at 4–7 (S.D.N.Y. June 17, 2020) (same); *United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 at 2–4 (S.D.N.Y. Apr. 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence); *United States v. Hernandez*, --- F. Supp. 3d ---, No. 18 Cr. 834 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence, was scheduled for release in four months, and was not a danger to the public).

[5] *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Mar. 17, 2020, updated July 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#asthma.

reduction in his sentence is inconsistent with the other 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(1)(A) factors.

The second factor—danger to the community—overwhelmingly disfavors LaFord's early release. U.S.S.G. § 1B1.13(2). As the Court reviewed in detail at LaFord's sentencing, *see* Sent. Tr. at 28–34, LaFord's actions in support of the Trinitarios were violent, vengeful, and extremely dangerous. The Court there described LaFord's conduct as "the most persistently violent, the most deeply antisocial, the most reckless, the wildest, and the most damaging to society" of the defendants it had—as of that date—yet sentenced in the case. *Id.* at 30. To give one example, in recounting LaFord's firing multiple shots at a fast-moving car on the Major Deegan Expressway, the Court noted that it was "miraculous[] that no one was hurt," and that the event "show[ed] a total disrespect for human life." *Id.* at 35. The Court found, in sum, that LaFord's conduct demonstrated "a willingness to wound and potentially kill other human beings, whether to advance the interests of the gang, to advance [his] own interests, or perhaps [he] regarded this as some sort of sport." *Id.* Additionally, the Court noted that LaFord had been undeterred by previous brushes with the law; his conduct "was not a one-time occurrence or some sort of aberration in an otherwise law-abiding life." *Id.* On these facts, the Court found a substantial risk that LaFord, "if released back into society, [would] take liberties again with other people's lives." *Id.* at 38.

LaFord's history of senseless and reckless violence alone is sufficient to dispose of his compassionate release application, as this history leaves the Court gravely concerned about the risk he would pose to society if at liberty. The Court remains unpersuaded that LaFord, if released, would not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Accordingly, as in other cases in which the Court has denied § 3582(c) applications on this ground, the Court finds that this factor alone justifies the denial of LaFord's

request.  *See, e.g.*, *United States v. Lopez*, No. 11 Cr. 1032 (PAE), 2020 WL 4450941, at *3 (S.D.N.Y. Aug. 3, 2020); *United States v. Jordan*, No. 18 Cr. 834 (PAE), 2020 WL 3839629, at *4 (S.D.N.Y. July 8, 2020); *United States v. Simmons*, 15 Cr. 445 (PAE), 2020 WL 1847863, at *2 (S.D.N.Y. Apr. 13, 2020); *United States v. Butler*, No. 19 CR. 834 (PAE), 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020).

Independently, the Court finds that the third factor—an application of the § 3553(a) factors—also strongly disfavors LaFord's early release.  Indeed, the question is not close.  To be sure, given the possibility that LaFord might contract COVID-19 in prison, and assuming *arguendo* that LaFord is at higher risk of complications from COVID-19 than the average inmate, one § 3553(a) factor favors release today that did not at the time of sentencing: "the need to provide the defendant with needed . . . medical care."  18 U.S.C. § 3553(a).  But each of the other § 3553(a) factors continues forcefully to favor the 207-month sentence that was imposed.  These include the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . [and] to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2).

The Court incorporates by reference here its lengthy assessment of those factors at sentencing.  *See* Sent. Tr. at 29–48.  In brief, as to the factor of just punishment, the Court found that LaFord's participation in numerous acts of senseless and retributive violence in support of a gang powerfully justified the sentence imposed.  Sent. Tr. at 40.  The Court further found such a sentence necessary to vindicate the factors of general deterrence and protection of the public.  *Id.* at 36.  As the Court explained: "[G]iven the gravity of your crimes, a long sentence is necessary, lest future gang members, who might consider following in your footsteps, get the message that they can commit violence and mayhem and escape serious consequences."  *Id.*  And the Court's

assessment at sentencing of the § 3553(a) factors, viewed as a whole, remains unchanged. Given the seriousness of LaFord's crimes in particular and the risk he would pose to public safety upon release, the risk that COVID-19 presents to inmates does not offset the factors pointing towards the sentence imposed. Reducing that sentence nearly in half, as LaFord requests, would disserve these important § 3553(a) factors.[6]

Accordingly, finding that LaFord continues to pose a danger to the public and that the § 3553(a) factors considered in combination do not support a reduction of sentence, the Court denies LaFord's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 12, 2020
       New York, New York

---

[6] Although the gravity of LaFord's crimes would make him a poor candidate for early release even if he had served more of his sentence, the service of only half of his sentence further distinguishes LaFord from the several defendants whose compassionate release the Court has granted since the onset of the COVID-19 pandemic. These defendants had generally served a significant proportion of their sentences, such that the Court found the sentence resulting from a grant of compassionate release consistent with the § 3553(a) factors. *See, e.g., United States v. Knox*, No. 15 Cr. 445 (PAE), Dkt. 1088 (S.D.N.Y. Apr. 10, 2020) (ordering compassionate release of defendant who had served all but seven months of an 88-month sentence); *Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (ordering compassionate release of defendant who had served all but 34 days of a four-month sentence); *Hernandez*, 2020 WL 1684062, at *3 (ordering compassionate release of a defendant who had served 17 months of a 24-month sentence and was scheduled for release in four months).